UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHN D. WILLIAMS** | : | **DOCKET NO. 2:04-cv-612** <br> **Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **CITY OF DEQUINCY, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a "Motion for Summary Judgment" [doc. 114] filed on behalf of Michael Suchanek, Chief of Police of the City of DeQuincy. These motions have been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

The only claim remaining in this case is John Williams' claim against Suchanek under the Fair Labor Standard Act, 29 U.S.C. § § 201, *et seq.* The court has previously denied summary judgment with respect to this claim, finding that genuine issues of material fact exist regarding whether an employer-employee relationship existed between Suchanek and Williams such that Williams would be covered by the FLSA. In addition to re-urging the prior motion for summary judgment (lack of employee-employer relationship), the motion before the court cites a recent Fifth Circuit case, *Sobrinio v. Medical Center Visitor's Lodge, Inc.* 474 F.3d 828 (5th cir. 2007), as an additional basis for granting the motion. Specifically, Suchanek argues that under *Sobrinio*, Williams is not covered by the FLSA because he was not "engaged in commerce."

Williams' remaining claim under the FLSA is based on his allegation that after working for the correctional facility where he was housed during his incarceration, he was made to perform work for Suchanek's private business without compensation for his labor. In addition to his job as Police

Chief for the City of DeQuincy, Suchanek owned at least two businesses, to wit, one which rented and set up inflatable space jumps and one which provided lawn care. Williams testified in his deposition that he was required to work for the Suchanek's private businesses after his regular work hours for the City of DeQuincy. He testified that he was required to set up and take down the space jumps for Suchanek on multiple occasions, oftentimes by himself. *See* Deposition of John Williams, pp. 69-81. Williams also stated that he was required to work for Suchanek's lawn care business at least three times a week and that on some occasions he would cut 4-5 lawns per day and not finish until after 10:00 p.m. *See* Deposition of John Williams, pp.84-86.

## LAW AND ANALYSIS

**Fair Labor Standards Act Claim**

In order to be covered by the FLSA, the plaintiff must demonstrate that (1) he is an employee under the FLSA; (2) that he was "engaged in commerce" within the meaning of 29 U.S.C. § § 206, 207; and (3) that he was not adequately compensated. *See Warren-Bradshaw Drilling Inc. v. Hall*, 63 S.Ct. 125 (1942).

To determine whether Williams was "engaged in commerce", the Fifth Circuit directs courts to apply a practical test, to wit, "[t]he test is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio,* 474 F.3d at 829, quoting *Mitchell v. H.B. Zachry Co.*, 80 S.Ct. 739. In applying this test to the facts in the *Sobrinio*, the Fifth Circuit found that Sobrinio's "activities are purely local in nature and fall outside the FLSA's protections." *Id.*[1]

---

[1] "Sobrinio was a full-time employee of MCVL [Medical Center Visitor's Lodge]. MCVL is an 18-room motel that houses patients (and their families) seeking treatment at the Texas Medical Center in Houston. Sobrinio provided a variety of services. He acted as a janitor, security guard and a driver for the motel's guests, who were often from out of town. Importantly, Sobrinio only drove the guests to and from the Texas Medical Center and nearby stores; he did not drive them to or from any airport or other interstate transportation center." *Sobrinio,* 474 F.3d at 829.

Considering the facts alleged by Williams, that he was required to mow lawns and set up inflatable "fun" jumps in and around Dequincy, Louisiana, in light of the recent Fifth Circuit case, this court finds that Williams' activities were purely local in nature. These types of "isolated local activities" fall outside of the protections of the FLSA. *Id.*

Accordingly, because Williams has failed to demonstrate that he was "engaged in commerce," he cannot state a viable claim under the FLSA. For this reason,

IT IS RECOMMENDED that the Motion for Summary Judgment be GRANTED and that this civil action be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, July 19, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE